UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON LOKERSON,

        Plaintiff,

   v.

TUCKER, et al.,

        Defendants.

No. 2:24-cv-0494 SCR P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, this court finds plaintiff states potentially cognizable claims for relief against defendants Tucker and Rueda but states no other claims. Plaintiff will be given a choice. Plaintiff may proceed immediately on his claims against Tucker and Rueda, and dismiss the other claims and defendants, or plaintiff may file a third amended complaint.

## SCREENING

### I.    Legal Standards

As described in the court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983. 28 U.S.C. §1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted). A court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

## II. Background

Plaintiff filed his original complaint on February 15, 2024. (ECF No. 1.) Before the court screened that complaint, plaintiff filed a first amended complaint on March 4, 2024. (ECF No. 7.) Plaintiff sought relief against four defendants. He identified two as Correctional Officers Tucker and Rueda. He did not provide names for the other two defendants. He identified them as Captain Doe and Lieutenant Doe. Plaintiff alleged that in 2021 and 2022 when he was incarcerated at the California Health Care Facility ("CHCF"), he was threatened and attacked by another inmate, McNeil. Despite knowledge of the threats and of prior attacks, defendants failed to take action to protect plaintiff from McNeil. McNeil attacked plaintiff in March 2022 causing plaintiff significant injuries. Plaintiff further alleged that based on the confrontations with McNeil, he was transferred to a prison that cannot accommodate his disabilities.

On screening, the court found plaintiff stated no claims for relief cognizable under section 1983. (ECF No. 9.) The court found plaintiff failed to allege facts showing Captain Doe had knowledge of any threats or attacks by McNeil and failed to show Lieutenant Doe had knowledge of continuing threats from McNeil or that he failed to take appropriate action when told of a threat. The court further found plaintiff failed to allege facts showing that Tucker and Rueda had sufficient information to know that plaintiff was at risk of an attack by McNeil in March 2022. The court dismissed the complaint with leave to amend.

////

### III. Discussion

#### A. Allegations in the Second Amended Complaint (ECF No. 18)

Plaintiff identifies the same defendants identified previously - Correctional Officers Tucker and Rueda, Captain Doe, and Lieutenant Doe. Plaintiff adds as a defendant Robert Burton, the Warden at CHCF.

Plaintiff alleges the following: He is wheelchair bound and suffers from seizures. In October 2021, plaintiff was housed in a yard with inmate McNeil. McNeil was placed on that yard due to hypotension but was otherwise able-bodied. McNeil had a history of attacking disabled inmates, which all defendants "would have known."

On November 1, 2021, McNeil threatened plaintiff numerous times within earshot of defendants Rueda and Tucker. McNeil then attacked plaintiff. Neither defendant intervened until McNeil attacked. Plaintiff and McNeil were separated and each signed a "marriage chrono." Plaintiff describes a marriage chrono as a document in which inmates agree to get along.

On November 2, McNeil attacked another inmate. When plaintiff called for help, McNeil began assaulting plaintiff. After that assault, McNeil was confined to quarters. Plaintiff contends Captain Doe instituted a policy at CHCF whereby violent inmates were housed with low security, nonviolent ones. Under the previous policy, an inmate like McNeil who was confined to quarters due to violence would have been moved to a new housing unit.

Over a month later, Lieutenant Doe asked plaintiff to sign a marriage chrono regarding McNeil. Doe told plaintiff he felt McNeil was no longer a threat. Plaintiff felt compelled to sign. Plaintiff states that an inmate who refuses to sign a marriage chrono is at risk of being moved to another institution. According to plaintiff, CHCF is the only institution that can accommodate his disabilities.

On February 16, 2022, McNeil was released from confinement to quarters. McNeil then began harassing plaintiff. Tucker and Rueda were working in the building at that time and "would have had ample opportunity to observe McNeil's harassment campaign."

////

////

On February 19, McNeil threatened plaintiff. Plaintiff later told Lieutenant Doe about the threats. Lieutenant Doe, who was Tucker and Rueda's senior officer, told plaintiff to talk with them the following day. Plaintiff did so.

Over the next 28 days, McNeil continued to harass and threaten plaintiff on a "near-daily basis." Plaintiff told Tucker and Rueda about the threats "as they were happening."

On March 19, McNeil attacked plaintiff for a third time, resulting in a concussion and damage to plaintiff's teeth. Plaintiff and McNeil were then documented as having "enemy concerns." CHCF policy was to transfer one of the inmates to a new prison. On May 11, 2022, CDCR transferred plaintiff to Salinas Valley State Prison and placed him in the Correctional Treatment Center ("CTC"). CDCR later moved him to High Desert State Prison and again placed him in the CTC. Plaintiff states that the CTC at each prison is the only housing area that can accommodate his disabilities but being housed there means he does not have access to in-person visiting, groups, and religious services, among other things.

**B. Does Plaintiff State Claims for Relief?**

Plaintiff has alleged minimally sufficient claims that defendants Tucker and Rueda were deliberately indifferent to the threats of harm to plaintiff from inmate McNeil in violation of the Eighth Amendment. Plaintiff's allegations show that Tucker and Rueda were aware of the November 1, 2021 attack and that plaintiff repeatedly told them that he was being threatened by McNeil during the month leading up to the March 19, 2022 attack. Plaintiff will be permitted to proceed on his Eighth Amendment claims that Tucker and Rueda failed to protect him from the March 19, 2022 attack.

Plaintiff fails to sufficiently allege claims against the remaining defendants. Plaintiff alleges that Lieutenant Doe had some awareness that McNeil was a threat to plaintiff. However, plaintiff does not allege facts showing that Lieutenant Doe knew of the threats occurring in the month prior to the March 2022 attack. Plaintiff also fails to show Lieutenant Doe's referral of the problem to Tucker and Rueda was so unreasonable that it demonstrates he knew of, and disregarded, a substantial risk of harm to plaintiff. See Farmer v. Brennan, 511 U.S. 825, 832-33, 837 (1994).

Plaintiff also fails to state a sufficient claim against Captain Doe. The fact that Captain Doe changed a policy that created more risk for all low security inmates does not demonstrate that Captain Doe knew that any inmates, much less plaintiff, had suffered harm as a result of that policy change or would suffer harm. Plaintiff's allegations do not show Captain Doe was aware of the specific risks McNeil posed to plaintiff.

Finally, plaintiff identifies the warden as a defendant but does not describe any actions attributable to him. Nor does plaintiff state any claims based on the transfer to another prison. Plaintiff does not have a right to choose his place of incarceration. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983) (prisoners have no constitutional right to incarceration in a particular institution); see also Tyler v. Coggins, No. 1:10-cv-0098 AWI MJS (PC), 2012 WL 285023, *2 (E.D. Cal. Jan. 31, 2012) (denial of requested transfer did not constitute sufficiently serious deprivation to satisfy first element of Eighth Amendment claim); Seidenfeld v. Rosales, No. CV 10-7004 PA (JCG), 2011 WL 835782, *2 (C.D. Cal. Jan. 20, 2011). To the extent plaintiff feels the place he is currently incarcerated is violating his rights, he should seek relief against the appropriate defendants responsible for those current conditions.

## CONCLUSION

This court finds above that plaintiff states minimally sufficient Eighth Amendment claims against defendants Tucker and Rueda. This court further finds that plaintiff fails to state any other claims for relief cognizable under §1983. Plaintiff will be given a choice. Plaintiff may choose to proceed immediately on his Eighth Amendment claims against Tucker and Rueda or he may choose to file a third amended complaint. If plaintiff chooses to proceed now on his claims against Tucker and Rueda, plaintiff will voluntarily dismiss all other claims and defendants.

If plaintiff chooses to file a third amended complaint, plaintiff must address the problems with his second amended complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth

in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

////

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff has stated minimally sufficient Eighth Amendment claims against defendants Tucker and Rueda.
2. Plaintiff's other claims and defendants are dismissed with leave to amend.
3. Plaintiff may choose to proceed on his potentially cognizable claims set out above or he may choose to file a third amended complaint. If plaintiff chooses to proceed on his potentially cognizable claims in the second amended complaint, he shall voluntarily dismiss his other claims and defendants.
4. Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.
5. Plaintiff is warned that his failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: December 11, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LOKERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TUCKER, et al.,<br><br>　　　　　　Defendants. | No.  2:24-cv-0494 SCR P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his Eighth Amendment claims against defendants Tucker and Rueda.  Plaintiff understands that by going forward without amending the second amended complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_   Plaintiff wants to file a third amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Jason Lokerson, Plaintiff

1